### HENRY HARRIS *v.* ADOLPH BERNARD.

Where a manufacturer, to whom gold was delivered to be wrought into jewelry, fraudulently made and delivered articles merely plated upon base metal, and received payment for his labor; *held,* that on discovering the fraud, the party deceived might recover as damages the value of the gold delivered, and the sum paid for the pretended manufacturings.

But it being proved that the gold, contained in the base jewelry, was worth a certain sum, and that said jewelry was retained by the plaintiff; it was *held,* that such sum should be allowed in abatement of the damages so recovered.

APPEAL by the defendant from the Sixth District Court. The opinion states the case.

*James Wade Wilson* and *John C. Clegg,* for the defendant.

*Frederick H. B. Bryan,* for the plaintiff.

BY THE COURT. WOODRUFF, J.—The action was brought to recover damages, under these circumstances: The plaintiff employed the defendant to manufacture from gold, which the plaintiff furnished, certain articles of jewelry. The defendant afterwards brought to the plaintiff articles of jewelry of the desired pattern, and received from him $15, the price to be paid for his services in manufacturing them. On examination it was afterwards discovered, that the jewelry delivered, or a portion thereof, was plated upon base metal, and

instead of containing gold of the value of $35, or upwards, which the plaintiff had furnished, they only contained gold worth from $12 to $14. For the fraud thus practiced on the plaintiff, the justice has rendered judgment for $50 damages.

The notice of appeal states various grounds, which have no foundation in any thing appearing in the return. The testimony stated in the notice of appeal to have been excluded, does not appear to have been offered.

Only one question put to a witness was excluded under objection, viz.: The defendant inquired of one witness, " How much gold it would take to make the articles solid?" This inquiry was irrelevant. No answer to it could affect the defendant's liability. The proof did not show that any particular bulk was directed to be given to the articles, and if such direction was given, the defendant's duty would have been fully performed by working up the whole of the gold furnished; and if it proved insufficient, to have required more, or obtained the plaintiff's assent to use alloy, or plate the jewelry. Nothing of this sort was any excuse for the deceit.

But it appears to me that the judge erred in the amount of damages. Had the plaintiff returned the base jewelry, he would have been entitled to the value of his gold and the money he had paid, together amounting to $50. But he kept the jewelry and sued for the damages he had sustained. Now, although it appears to have been a gross fraud on the defendant, still justice required that some allowance should be made for the value of the jewelry thus retained. Its value was clearly proved to be not less than $12, and this sum should, I think, be deducted from the recovery, and the judgment be affirmed for the balance, without costs to either party on the appeal. The proof in regard to the value of the jewelry retained is not very satisfactory; and the defendant had an opportunity to show it was (although not solid gold) worth a larger sum.

Judgment modified, by deducting $12 from the damages, and affirmed as to the residue, without costs to either party on the appeal.